The University of Jacksonville filed its petition *Page 880 
in this Court praying for an order approving its course of study in law. A rule nisi was issued directed to the State Board of Law Examiners and the State Bar Association commanding them to show cause why the petition should not be granted.
The State Board of Law Examiners and the State Bar Association appeared, moved to quash the rule nisi and on the issue thus made, the cause was heard March 26, 1937, in connection with the petition of the State Bar Association and others to approve and adopt rules proposed by them for the regulation of the bar.
The petitioner apparently relied on Section 4181, Compiled General Laws of 1927 for the relief sought. The petition must be and is hereby denied because, (1) this Court is not authorized to approve the course of study of any law school and, (2) while we are authorized under Section 4180, Compiled General Laws of 1927, to prescribe courses of study to be pursued by applicants for admission to the bar the course so prescribed is the identical one that law schools are required by Section 4181, Compiled General Laws, to maintain. Such a course has been prescribed as the law directs and is available to petitioner on requisition to the Clerk of this Court.
If petitioner desires to secure for its graduates like privileges as are granted to graduates of law schools under Section 4181, supra, it is necessary that it make showing to the State Board of Law Examiners that it has maintained the course of study prescribed by this Court, that it offers library facilities to its students equivalent to those offered by law schools complying with Section 4181, supra, that it has a faculty of equivalent qualification to the faculty of said law schools and that its equipment and facilities for preparation for the bar are in other respects equal to that offered by "A" grade law schools in this country. *Page 881 
For a full discussion of our views on this and cognate questions see Ex parte Florida State Bar Association, et al.,
opinion filed this date.
It is so ordered.
ELLIS, C.J., and WHITFIELD and BROWN, J.J., concur.
CHAPMAN, J., disqualified.
 IN THE SUPREME COURT OF FLORIDA, JANUARY TERM, A.D. 1939. AMENDED RULE 25 — APPLICATION FOR REHEARING.
It is considered and ordered by the Court that Rule 25 of the Rules governing Practice in the Supreme Court of Florida be and the same is amended so as to read as follows:
RULE 25. Rehearings must be applied for by petition in writing within fifteen days after the filing of the judgment, decree or order of the court, unless further time is allowed by the court. The petition shall not assume any new ground or position not taken in the original argument or briefs upon which the cause was submitted, and must set forth concisely the omissions, causes or grounds on which it is based, and must point out specifically in what respect the original opinion and decision is deemed by the petitioner to be erroneous in some material matter of law or fact, setting forth concisely the reasons why the matters specified are supposed to be erroneous.
A copy of the petition shall be served upon the opposite party or counsel at or before the time of its submission to the Court. It shall not be considered a part of the record in the cause unless so ordered or rehearing granted. No argument shall be allowed on the petition. When a petition for rehearing is denied, the Clerk shall forthwith issue *Page 882 
and transmit the mandate to the court below. The petitioner shall not be entitled to file any additional petition.
It is further ordered that the above amended Rule shall become effective on and after March 15th, A.D. 1939.
Adopted and promulgated this 8th day of February, A.D. 1939.
 IN THE SUPREME COURT OF FLORIDA, JANUARY TERM, A.D. 1939.
From and after February 15, 1939, Rule 27 of this Court shall read as follows:
All applications for writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and other writs necessary to the complete exercise of the jurisdiction of this Court as authorized by Section 5, Article V, of the Constitution shall be made as herein provided and may be heard any Tuesday at 9:30 A.M. provided five days notice of such application shall have been given to the adverse party or his counsel and proof thereof filed with the Clerk of this Court. Applications raising questions of fact which will require the taking of testimony to determine will not be entertained. If presented in person, no further oral argument on them will be permitted. Copy of every brief required under this rule shall be furnished the adverse party.
 Certiorari.
Application for writ of certiorari shall be by petition which shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by opposing counsel to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. *Page 883 
It shall also be accompanied by a supporting brief prepared in compliance with the rules of this Court. Copy of the petition, transcript, and brief shall be furnished Respondent or his counsel at the time notice of application therefor is filed with the Clerk of this Court. The Respondent may file his brief in opposition to the writ within ten days after he is furnished with copy of petitioner's brief. Unless further proceedings are ordered by the Court, the cause shall then be finally disposed of without oral argument.
 Prohibition.
Application for writ of prohibition shall be by suggestion stating the nature of the proceeding sought to be prohibited. The contents of the suggestion shall be substantially as required by statute, now Section 5450, Compiled General Laws of 1927. If the suggestion makes a prima facie case, the Court will issue a rule directed to the inferior court, and any other party respondent joined therewith, commanding it to show cause on a return day certain why the writ as prayed for should not be granted. On the return day so fixed or sooner if desired, the respondent shall file such appropriate pleadings as he may deem proper, including his brief in support thereof. The Relator shall be given not exceeding ten days to file his brief at which time the cause shall be ready for final disposition without oral argument.
 Mandamus.
Proceedings in mandamus shall be instituted by petition setting up as briefly as may be the basis for the relief prayed. If the petition makes a prima facie case, the Court will issue the alternative writ or it may issue a rule to show cause on a return day certain why an alternative writ should not be granted. On the return day, Respondent shall plead to the writ as he may deem proper, supporting said plea or pleas with a brief. Relator shall be allowed not exceeding *Page 884 
ten days to file his reply brief at the conclusion of which the cause shall be finally adjudicated unless further proceedings may be ordered by the Court.
Original petitions in mandamus will not be entertained by this Court unless a State officer, State board, State functionary, or some other agency authorized to represent the public generally, is named as Respondent. It shall be the duty of Relator to furnish the Respondent named a copy of the petition at the time he is served with notice of application for the alternative writ and failure to do so shall be cause to dismiss the petition.
 Quo Warranto.
Proceedings in quo warranto including informations in the nature of quo warranto may be instituted by petition or information in the name of the State by the Attorney General or by any person claiming title to the office or franchise on the refusal of the Attorney General. The petition shall conform to Section 5446, et seq., Compiled General Laws of 1927. The rule as to pleading, filing briefs, and final disposition of the cause prescribed herein to govern mandamus shall apply to and govern quo warranto.
 Habeas Corpus.
When application is made therefor, writ of habeas corpus may be issued by this Court or any Justice thereof in the manner provided by Section 5435, et seq., Compiled General Laws of 1927. If the validity of any statute, criminal law proceeding, or conviction is attacked, the notice required herein to the adverse party shall be given to the Attorney General. The time for the notice to run may be shortened by the Court or Justice issuing the writ, but in no case shall it be dispensed with. When the writ is issued, an early return date shall be set at which time formal return of the officer holding custody of the petitioner shall be made in *Page 885 
the absence of motion to quash or motion for discharge notwithstanding the return, issue shall be joined thereon, and all briefs shall be filed, unless additional time shall be allowed therefor. The cause shall then be ready for final disposition without oral argument.
 Constitutional Writs.
Application for constitutional or other writs necessary to the complete exercise of the jurisdiction of this Court will be entertained only after the required notice herein to the adverse party, unless such requirement be modified. No such petition will be entertained unless an appeal or writ of error has been perfected in this Court and then it must clearly appear that supersedeas will not completely preserve the Court's jurisdiction. If it develops on the application for the writ that the ends of justice will be best served by disposing of the cause on the merits, the Court will so determine and permit counsel to file briefs, but no further argument will be permitted.
Rules 34, 35, 36, and 37 governing certiorari are hereby repealed. This rule shall become effective February 15, 1939.
 Approved January 17, 1939. *Page 886